By the Court, Bronson, J.
A motion cannot be renewed without first obtaining leave of the court. (Mitchell v. Allen, 12 Wend. 290).(a) And this rule applies to motions for a commission, as well as in other cases. (Allen v. Gibbs, 12 Wend. 202.) In that case a commission was denied by this court on the ground that a previous application had been refused by the circuit judge. If a motion cannot be renewed here after it has been passed upon by a commissioner, clearly the commissioner should not act after we have decided the question.
The fact that the papers were insufficient on the first application does not alter the case. Where a party fails in a motion on the ground of some formal defect or insufficiency in his papers, he should ask leave to renew the motion, or that it be denied without prejudice to another motion; and if the request is granted, the fact should be stated in the rule. Here the motion was denied generally, and it was therefore necessary to ob *495 tain leave to renew it before the party could have a commission. And the leave to renew could only be granted by the court.
. But, under the special circumstances disclosed in the affidavits, the commission may stand on payment of costs.
Ordered accordingly.

 The doctrine of res adjudicata does not strictly apply to these motions in the course of practice, they being addressed to the discretionary power of the court. Hence the court may allow a motion to be renewed, provided that, in the circumstances of the opposition, there be any thing to excite suspicion of unfairness, or a belief that the party moving is taken by surprise, (Per Sutherland, J. in Mitchell v. Allen, 12 Wend. 290,) or if the motion be denied because of some defect in the moving papers, arising from ignorance of the practice. (See Dollfus v. Frosch, in the text.) So the party may obtain leave to renew, on falsifying the affidavit used in opposition, or showing that the facts stated in it are explainable so as not to amount to a denial of the grounds of the motion. (Per Nelson, J. in Standard v. Williams, 10 Wend. 599, 600.) A motion will sometimes be opened on the question being changed by new materials discovered or arising afterwards. (Per Cowen, J. in The People v. Mercein, 3 Hill, 416; Simpson v. Hart, 14 Johns. Rep. 63.) But if the facts remain essentially the same at the time of the application to renew, that they were when the former motion was denied, the court will rarely allow the matter to be re.heard on the merits. (Greatheard v. Bromley, 7 T. R. 455; Schuman v. Weatherhead, 1 East, 537; Allen v. Gibbs, 12 Wend. 202.)